1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VONGSAVAT SAYASANE,                    No.  1:23-cv-01517-SKO (HC)

12                Petitioner,               ORDER DIRECTING RESPONDENT TO
                                            PROVIDE DOCUMENTS
13        v.
                                            [14-DAY DEADLINE]
14   WARDEN, F.C.I. MENDOTA,

15                Respondent.

16

17        Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for

18   writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On October 24, 2023, Petitioner filed the

19   instant habeas petition.  On January 25, 2024, Respondent filed a motion to dismiss the petition.

20   The Court has reviewed the pleadings and finds that additional documentation is necessary.

21        Petitioner contends that the Bureau of Prisons ("BOP") is excluding him from the

22   application of First Step Act credits against his sentence solely because he has an immigration

23   detainer lodged against him.  Respondent counters that Petitioner is subject to a final order of

24   removal and therefore ineligible under statute for application of First Step Act credits. See 18

25   U.S.C. § 3632(d)(4)(E).  Petitioner alleges that the BOP is using a document as proof of a final

26   order of removal, but the document contains false information and that he is only subject to a

27   detainer.  Petitioner claims that the BOP is representing that he is subject to a final order of

28   removal where no formal final order of removal has been issued.

                                              1

The Court has reviewed the documents lodged by Respondent, in particular, Respondent's citation indicating Petitioner is subject to a final order of removal. (Doc. 12 at 2, citing Appendix at 2-3, 14.)  The references are to a Declaration by Jennifer Vickers and to a copy of a document entitled "Immigration Detainer – Notice of Action."  In her declaration, Vickers states she has reviewed the Immigration Detainer and determined that Petitioner is subject to a final order of removal as indicated in the document.  (Doc. 12-1 at 4.)  The Court has reviewed that same document as well. (Doc. 12-1 at 15.)  The document is not a final order of removal, but an immigration detainer in which a box is checked indicating a final order of removal has been issued.  From this secondhand information alone, the Court cannot verify that Petitioner is subject to a final order of removal.  Although the detainer references the existence of a final order of removal, from the document alone, the Court cannot determine the validity of Petitioner's contention that it is merely a document with a box incorrectly checked.  Thus, Respondent shall file a copy of the actual final order of removal or explain why a copy cannot be furnished.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that Respondent shall file a copy of the final order of removal within fourteen (14) days of the date of service of this Order.

IT IS SO ORDERED.

Dated:   **March 22, 2024**                    */s/ Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE

2