1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VONGSAVAT SAYASANE,<br><br>          Petitioner,<br><br>     v.<br><br>WARDEN, F.C.I. MENDOTA,<br><br>          Respondent. | Case No.  1:23-cv-1517 JLT SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>(Docs. 10, 18) |

Vongsavat Sayasane is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner asserts that he earned time credits under the First Step Act, which would entitle him to an earlier release date, but the Bureau of Prisons refuses to apply his ETCs because Petitioner as an immigration detainer.  (Doc. 1 at 2, 17-18.)  Respondent moves to dismiss the petition, arguing Petitioner did not exhaust his administrative remedies and that he "is barred as a matter of law from applying ETCs." (Doc. 12 at 1, 3 [emphasis omitted].)

The magistrate judge observed that "[a]ccording to BOP records, Petitioner has been determined ineligible to apply FSA time credits to his sentence, not because of an immigration detainer, but because he is subject to a 'final order of removal.'" (Doc. 25 at 2.)  The magistrate judge noted the final order of removal was filed under seal with the Court.  (*Id.* at 2, 5.)  The

magistrate judge also found Petitioner did not exhaust his administrative remedies, and that if had he done so "the BOP would have advised him of his immigration status and his ineligibility for application of FTCs pursuant to 18 U.S.C. § 3632(d)(4)(E)(i)." (*Id.* at 4.) Consequently, the magistrate judge recommended the petition be dismissed. (*Id.* at 5.)

The Court served the Findings and Recommendations on Petition and notified him that any objections were due within 21 days. (Doc. 25 at 6.) The Court advised Petitioner the "failure to file objections within the specified time may waive the right to appeal the Order of the District Court." (*Id.*, citing *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).) Petitioner did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the entire matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on May 9, 2024 (Doc. 25) are **ADOPTED** in full.
2. Respondent's motion to dismiss (Doc. 12) is **GRANTED**.
3. The petition for writ of habeas corpus is **DISMISSED**.
4. The Clerk of Court is directed to enter judgment and close the case.

In the event a notice of appeal is filed, no certificate of appealability is required.[1]

IT IS SO ORDERED.

Dated:   **June 6, 2024**

UNITED STATES DISTRICT JUDGE

---

[1] A certificate of appealability will not be required because this is an order denying a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

2